MARY E. LE DUC *vs.* CITY OF HASTINGS.

July 3, 1888.

,Constitution—Exemption from Taxation.—Sections 1 and 3, art. 9, of the
constitution of the state, render it imperative that all property, of which
exemption is not permitted, shall be taxed, and preclude any other exemp-
tions than those specified in section 3.

·Same—Refunding of Taxes.—An exemption not permitted by the consti-
tution cannot be effected by indirection, by releasing or refunding the
taxes after they have been levied.

;Same—Soldiers' Bounty Tax.—Chapter 3, Laws 1866, as amended by chap-
49, Laws 1867, *held* unconstitutional, as being an attempt, by evasion,
to exempt from taxation property of certain classes of persons which
does not fall within any of the exemptions allowed by the constitution.

Appeal by defendant from an order of the district court for Da-
kota county, *Crosby,* J., presiding, overruling a demurrer to the com-
plaint.

*McNeil V. Seymour,* for appellant.

*Hodgson & Schaller,* for respondent.

MITCHELL, J.    This action was brought under chapter 3, Laws
1866, as amended by chapter 49, Laws 1867, and chapter 65, Laws
1887.    Section 1 makes it the duty of the authorities of any county,
city, or town, in which any tax has been levied for the purpose of
paying bounties to volunteers, upon the property of any citizen of
the state who on or before January 1, 1864, entered the military serv-
ice of the United States, and has been honorably discharged or re-
signed, or still remains in such service, or upon the property of the
wife, widow, or minor children of such person, upon due proof of
such facts, to issue to any such person an order upon the treasurer
of such county, city, or town for the amount of such taxes, including
charges and interest, and requires the treasurer upon whom the order
is drawn, to receive the same in payment of any taxes due or that
may become due.    Section 2 provides that, if such authorities refuse
to issue the order, the county, city, or town shall be liable in an ac-
tion to the party aggrieved for twice the amount.    In March, 1887,

the plaintiff, the wife of W. G. Le Duc, a citizen of this state who entered the military service of the United States in April, 1862, and was honorably discharged, presented to the city council of Hastings due proof of the facts required by the act, and demanded an order on the city treasurer for the amount of bounty taxes levied on her property in that city for the years of 1863, 1864, 1865, and 1866, with interest and charges. The council having refused to issue the order, she brought this action under the second section of the act to recover double the amount. The defendant disputes plaintiff's right of recovery on the grounds (1) that her cause of action is barred by the statute of limitation; (2) that the act is, for several reasons, unconstitutional and void.

Most of the points urged we find it unnecessary to consider. The act in question is manifestly unconstitutional, for a reason apparent on its very face, and which goes to the very foundation of the merits of this case. Section 1, art. 9, of the constitution of the state, provides that all taxes to be raised in this state shall be as nearly equal as may be, and all property on which taxes are to be levied shall have a cash valuation, and be equalized throughout the state. Section 3 of the same article provides that laws shall be passed taxing *all* moneys, credits, investments in bonds, stocks, stock companies, or otherwise, and also *all* real and personal property, according to its true value in money, with certain specified exemptions. Equality of burden is therefore the principle of the constitution. There is to be no rule that exempts some property (unless within the specified exceptions) and casts the burden upon the rest. These constitutional provisions render it imperative that all the property of which exemption is not permitted shall be taxed, and preclude any other exemptions than those specified. Where there is no power to make an exemption, there is none to relieve the property by releasing or refunding the tax after it is levied. What cannot be done directly cannot be done indirectly. The act in question is nothing more nor less than an attempt by indirection to exempt from bounty taxes the property of certain classes of persons. Their property is not within the exemptions specified in the constitution. We need not discuss the power of the legislature to authorize or require the levy of taxes

to pay bounties to soldiers or to support their families. This is no such act. Its benefits are distributed neither on the basis of actual service nor of the party's need of public aid, but on the basis of the amount of property he owns. The more he has, the greater the gratuity he receives; and if he has no property, and hence is presumably more in need of aid, he gets nothing. This is neither equality nor justice. The act is purely and simply an attempt to exempt from taxation the property of certain persons which does not fall within any of the exemptions allowed by the constitution. However commendable or patriotic may have been the intentions which prompted such legislation, it cannot be sustained.

Order reversed.