DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH TERM, 1893.

GEORGE SUCH, PLAINTIFF IN ERROR, v. THE STATE OF
NEW JERSEY, DEFENDANT IN ERROR.

In a bastardy bond several particulars were stated as descriptive of the
child intended, among which was the name of its mother. Suit being
brought upon the bond, all the particulars stated were shown to be
applicable to the child, save that the mother's Christian name ap-
peared to be *Julia* or *Julianna*, and not Joanna, as stated in the bond,
and they are sufficient to clearly and fully establish the identity of
the child. *Held*, that the variance in the Christian name of the
mother may be disregarded as immaterial.

On error to the Circuit Court of Middlesex county.

This suit was brought upon a bond given by Thomas Car-
penter and George Such to secure Carpenter's compliance with
the terms of an order of filiation made in bastardy proceed-
ings against him by the Court of General Quarter Sessions of
Middlesex county. The bond is as follows:

"Know all men by these presents, that we, Thomas Carpenter and George Such are held and firmly bound unto the State of New Jersey in the sum of one thousand dollars to be paid to the said, the State of New Jersey, to which payment, well and truly to be made, we bind ourselves, and each and each of us, jointly and severally, and our and each and every of our heirs, executors and administrators firmly by these presents.   Sealed with our seals and dated the twenty-fifth day of June, eighteen hundred and eighty-one.   The condition of this obligation is such that whereas Thomas Carpenter, at the April Term of the Middlesex County Court of Quarter Sessions, was convicted of being the father of a bastard child born in the Township of Woodbridge, Middlesex County, New Jersey, of the body of Joanna Jordon, and that the said child is chargeable to the said Township of Woodbridge. Now therefore, if the said Thomas Carpenter shall obey and comply with the order of filiation heretofore made against him and indemnify the Township of Woodbridge and each and every of the Townships of this State which may have incurred or which may hereafter incur any costs or expense by reason of the birth, education and maintenance of the said bastard child or of its mother during her confinement, or from all actions, suits, troubles and other charges and demands whatsoever, touching or concerning the same, then this present obligation to be void, otherwise to be and remain in full force and virtue.

"T. D. CARPENTER,    [L. S.]

" GEO. SUCH,              [L. S.]

" Sealed and delivered in presence of
" HOWARD WESNER,
" New Brunswick, N. J."

Upon the trial at the Circuit it appeared that a child was maintained by the township of Woodbridge which answered the description of the child in the bond, except that in the bastardy proceedings, as well as in the bond, the mother of the child was wrongly called *Joanna* Jordon, her true

Christian name being *Julia* or *Julianna* Jordon, and, there-
fore, it was objected that "the only child for the support of
which the defendant was liable under said bond, was the child
of *Joanna* Jordon, and that the said *Julia* or *Julianna* Jordon
and her child could not, in law, be proved or taken to be the
persons respectively designated in said bond as Joanna Jordon
and her child." This objection was overruled, and to that
action of the court exception was taken, upon which error is
here assigned.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *John W. Beekman.*

The opinion of the court was delivered by

THE CHANCELLOR. The bond in question was given for
the indemnification of the township of Woodbridge, in Mid-
dlesex county, and other townships of this state, from expense
by reason of the birth, education and maintenance of a certain
bastard child of Thomas Carpenter. As one particular in the
description of that child, the bond undertook to state the
name of its mother. At the trial evidence was adduced to
identify the child which the township had in fact supported,
with the child intended by the bond, by showing the applica-
tion of the descriptive circumstances stated in the bond to
that child, with the result that such circumstances were shown
to apply in these particulars, to wit, that the child is a bastard;
that it was born in Woodbridge township; that it was charge-
able to that township; that it was the subject of an adjudica-
tion of the Court of Quarter Sessions of Middlesex county, at
its April Term, in the year 1881; that Thomas Carpenter
was then adjudged to be its father, and that the surname of
its mother is Jordon. One particular failed, and that was
that the mother's Christian name appeared to be *Julia* or
*Julianna,* and not *Joanna,* as stated in the bond. Is that
partial misdescription to nullify the bond? We think not.
The remaining particulars appear to us to clearly and fully

establish the identity of the child and overcome and control the variance in the Christian name of its mother. The description is to be considered in its entirety, and if that which is intended by it clearly appears, an immaterial inconsistency in one of the particulars of which it is constituted, may be disregarded.    Illustrative of the principle I apply, is the case of *Schee* v. *La Grange*, 78 *Iowa* 101, where it was held that a notice and petition designating a defendant as "Charles A. Luckenbough, assignee of Benjamin G. Unangst," sufficiently designated such assignee, though his true name was Charles A. Luckenbach.    So in *Sewell* v. *State*, 82 *Ala.* 57, an indictment charged the defendant with entering the land of "S. Sicily Garrett, wife of John J. Garrett," and the evidence showed that the owner's name was "Sicily Garrett," and that she was the wife of John J. Garrett, it was held that the variance was immaterial.

It is not perceived that there was error in the ruling at the Circuit, and therefore we affirm the judgment of that court.

*For affirmance*—THE CHANCELLOR, ABBETT, DEPUE, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, CLEMENT, SMITH.    12.

*For reversal*—None.