STATE OF MINNESOTA v. PIONEER SAVINGS & LOAN COMPANY.[1]

December 2, 1895.

Nos. 9601—(108).

**Building and Loan Associations—Taxation—Constitution.**

*Held* that Laws 1889, c. 236, § 35, and Laws 1891, c. 131, §§ 34, 35 (G. S. 1894, §§ 2888, 2889), are unconstitutional, for they exempt from taxation in this state a substantial portion of the personal property of building and loan associations doing business within and without this state, contrary to the provisions of section 3, art. 9, of the constitution.

Case certified from the district court for Hennepin county, Russell, J. Affirmed.

*A. H. Nunn, F. M. Nye,* County Attorney, and *H. W. Childs,* Attorney General, for plaintiff.

An enactment granting privileges, exemptions or immunities not enjoyed by the community at large must be strictly construed. St.

1 Reported in 65 N. W. 138.

Peter's Church v. County of Scott, 12 Minn. 280 (395); County of Hennepin v. Bell, 43 Minn. 344, 45 N. W. 615; County of Ramsey v. Church of Good Shepherd, 45 Minn. 229, 47 N. W. 783; State v. Cooley, 62 Minn. 183, 64 N. W. 379. Mortgages and loans collateral to which the shares of members are pledged are not included in the shares to be taxed. But such securities and credits are a part of the assets of the association. Lister v. Log Cabin B. Assn., 38 Md. 115; State v. Hornbaker, 41 N. J. Law, 519, s. c. 42 N. J. Law, 635; Mechanics' B. &. L. Assn. v. Conover, 14 N. J. Eq. 219; McGrath v. Hamilton S. & L. Assn., 44 Pa. St. 383; Watkins v. Workingmen's B. & L. Assn., 97 Pa. St. 514. The provision for taxing shares to members in the county where they reside and the exemption from taxation of part of the stock renders the act repugnant to Const. art. 9, § 3. The failure to include in the enumeration other taxable personal property renders the act repugnant to Const. art. 9, §§ 1, 3. State v. Redwood Falls B. & L. Assn., 45 Minn. 154, 47 N. W. 540; Sanborn v. Commrs. of Rice Co., 9 Minn. 258 (273); Comer v. Folsom, 13 Minn. 205 (219); State v. District Court, 33 Minn. 235, 22 N. W. 625; People's L. & H. Assn. v. Keith, 153 Ill. 609, 39 N. E. 1072. Each share of stock not pledged, up to the time of maturity of the series to which it belongs, represents the amount paid in on it without interest, unless interest be allowed by statute. This is true though the stock is fully paid up. Barker v. Bigelow, 15 Gray, 130; O'Rourke v. West Penn L. & B. Assn., 93 Pa. St. 308. The aggregate stock in these companies does not approach as nearly as in an ordinary corporation the equivalent of its assets. Even in an ordinary corporation the capital stock does not consist of shares of stock separately or in the aggregate. Chicago, B. & Q. R. Co. v. Siders, 88 Ill. 320; People v. Commissioners, 4 Wall. 244; State Railroad Tax Cases, 92 U. S. 575, 578. See City of Memphis v. Ensley, 6 Baxt. 553; Farrington v. Tennessee, 95 U. S. 679; Mechanics' & Farmers' Bank v. Townsend, 5 Blatchf. 315, Fed. Cas. No. 9,381; People v. Commrs. of Taxes, 23 N. Y. 192; Dewing v. Perdicaries, 96 U. S. 193. To be uniform and equal taxes must be imposed on all subjects of taxation within the jurisdiction of the taxing power. Wells v. City of Weston, 22 Mo. 384; People v. Townsend, 56 Cal. 633; Gilman v. City of Sheboygan, 2 Black, 510. Many members of these associations are nonresidents, and no method of taxing the

63 M.—6

stock, except shares within the state, is provided. The act discriminates in favor of nonresidents against citizens. Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 208, 5 Sup. Ct. 826; Com. v. Standard Oil Co., 101 Pa. St. 119. See Pittsburg, F. W. & C. Ry. Co. v. Com., 66 Pa. St. 73.

*George D. Emery, Cross, Carleton & Cross, A. Ueland, H. W. Benton, B. Sutherland* and *Haynes & Chase,* for defendant.

In mutual building and loan associations the stock represents the entire assets. The assets equal the debts. If a tax is levied on the stock alone, the entire assets are taxed. Any additional tax on items which constitute the value of the stock is double taxation. Pennsylvania Co. v. Com. (Pa. Sup. Ct., Oct., 1888) 15 Atl. 456. The value of the shares of a member includes his proportionate interest in the entire assets. People v. Commrs. of Taxes, 23 N. Y. 192; Commrs. of Rice Co. v. Citizens' Nat. Bank, 23 Minn. 280. See Savings Bank v. Nashua, 46 N. H. 389; Cheshire Co. Telephone Co. v. State, 63 N. H. 167. Where the shares are taxed, it is not the purpose of the law to tax the property which they represent. State v. Redwood Falls B. & L. Assn., 45 Minn. 154, 47 N. W. 540; Cheshire Co. Telephone Co. v. State, supra; Lackawanna Co. v. First Nat. Bank, 94 Pa. St. 221; Board of Revenue v. Gaslight Co., 64 Ala. 269; Smith v. Burley, 9 N. H. 423; Bank of Georgia v. Savannah, Dud. (Ga.) 130. The presumption is against the intent of the legislature to impose double taxation. New York & E. R. Co. v. Sabin, 26 Pa. St. 242; 2 Cooley, Taxation, 227, 228; Middlesex R. Co. v. City of Charlestown, 8 Allen, 330; Rome R. Co. v. Mayor of Rome, 14 Ga. 275; Cook, Stock & Stockholders, § 567; Gillespie v. Gaston, 67 Tex. 599, 4 S. W. 248; Tennessee v. Whitworth, 117 U. S. 129, 6 Sup. Ct. 645. See Cooley, Taxation, 225, 229, n. 1.

Laws 1891, c. 131, in excepting from taxation shares pledged on a loan, simply follows the principle of the general tax law, and does not exempt the actual assets of the company or its members. Even if the section of the act of 1891 which provides how the individual shall be assessed on his stock is void, it does, not follow that the value of the assets represented by the stock is to be assessed to the corporation. What it is to be taxed for is limited to furniture and real estate. The residue of its assets must be taxed as "stock" to

the individual member either under Laws 1891, c. 131, § 35, or Laws 1889, c. 236, § 35.

If the law of 1891 is open to objection, it would not, as to the sections under consideration, have the effect of repealing the corresponding parts of the law of 1889.  A repeal of acts and parts of acts inconsistent with a statute does not affect laws inconsistent only with such parts thereof as are themselves constitutional.  Miller v. Edwards, 8 Col. 528, 9 Pac. 632; Devoy v. Mayor of New York, 35 Barb. 264; Harbeck v. Mayor of New York, 10 Bosw. 366; Sullivan v. Adams, 3 Gray, 476; Tims v. State, 26 Ala. 165; State v. Burton, 11 Wis. 50; Shepardson v. Milwaukee & B. R. Co., 6 Wis. 605; Childs v. Shower, 18 Iowa, 261; People v. Tiphaine, 3 Park. Cr. R. 241.  The invalid section does not affect the residue of the act.  Reimer v. Newel, 47 Minn. 237, 49 N. W. 865; City of Duluth v. Krupp, 46 Minn. 435, 49 N. W. 235; Endlich, Interpretation St. § 265.  The failure of the act to provide for assessment of the stock to the company and its provisions that such stock be assessed to the member are within the province of the legislature.  People's L. & H. Assn. v. Keith, 153 Ill. 609, 39 N. E. 1075.  See State v. District Court, 33 Minn. 235, 22 N. W. 625.  It does not follow that when the last clause of section 35 is found unconstitutional, sections 34 and 35 must follow the same construction.  Cooley, Const. Lim. 209 (177); O'Brien v. Krenz, 36 Minn. 136, 30 N. W. 458.  Statutes in favor of those on whom taxes are assessed or burdens are laid are remedial and to be liberally construed. Sutherland, St. Const. § 441, and cases there cited.

*C. H. Childs*, for defendant.

The burdens of taxation are equally distributed.  The fact that a tax law might in its application, under certain circumstances, fail to reach certain property, does not render it invalid for want of uniformity.  The rule of uniformity does not require that everything which the legislature might make taxable should be made so in fact.  Cooley, Const. Lim. 632 (514).  Inequality does not necessarily follow from restricting taxation to a few subjects, or to a single subject: it is only when individuals are singled out for exception that inequality is manifest.  1 Desty, Taxation, 192; Durach's Appeal, 62 Pa. St. 491; Fletcher v. Oliver, 25 Ark. 289; Youngblood v. Sexton, 32 Mich. 406. The legislature may in its discretion provide different methods for tax-

ation of different subjects. The requirement of equality does not preclude the division of things taxable into classes, and the imposition of taxes which, while bearing equally on the different members of each class, bear unequally on the classes in the aggregate. 25 Am. & Eng. Enc. Law, 62; City of Dubuque v. Illinois C. R. Co., 39 Iowa, 56; State v. Mann, 76 Wis. 469, 45 N. W. 526, and 46 N. W. 51; State R. R. Tax Cases, 92 U. S. 575; Singer Mnfg. Co. v. Wright, 33 Fed. 121; Kentucky R. R. Tax Cases, 115 U. S. 321, 6 Sup. Ct. 57; Gibbons v. District of Columbia, 116 U. S. 404, 6 Sup. Ct. 427; Davenport Bank v. Davenport Board of Equalization, 123 U. S. 83, 8 Sup. Ct. 73. Different kinds of corporations or corporations engaged in different kinds of business may be placed in different classes. Coal Run Coal Co. v. Finlen, 124 Ill. 666, 17 N. E. 11; Pacific Exp. Co. v. Seibert, 142 U. S. 339, 12 Sup. Ct. 250. See Commrs. of Rice Co. v. Citizens' Nat. Bank, 23 Minn. 280. Although the law may be inoperative as to credits of non resident stockholders, it is not unconstitutional because not sufficiently comprehensive. The presumption is in favor of the validity of statutes. Ogden v. Saunders, 12 Wheat. 213; Com. v. Erie R. Co., 62 Pa. St. 286; Bourland v. Hildreth, 26 Cal. 161, 228. If the same law is equally applicable to an association having its membership entirely within a state and to one having nonresident stockholders, the court in passing on a law of general application is bound to assume the state of facts which will uphold its validity. Wellington et al., Petitioners, 16 Pick. 87. Even if the value of pledged shares escape taxation, and the clause excepting such shares be void, it does not follow that the whole of section 35 is void. State v. Tuttle, 53 Wis. 45, 9 N. W. 791; State v. Exnicios, 33 La. An. 253; People v. Lawrence, 36 Barb. 177; Railroad Companies v. Schutte, 103 U. S. 118. If the whole of section 35 be void, section 34 still stands. The provision of the constitution requiring laws to be passed taxing all moneys, credits, etc., is not self-executing. Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110; McKusick v. Seymour, S. & Co., 48 Minn. 158, 50 N. W. 1114. To sustain the assessment it must be shown that some other law has been passed taxing other subjects of taxation in the hands of defendant than those specified in section 34, nor can the court by judicial construction supply what is palpably omitted in the statute. State v. Piazza, 66 Miss. 426, 6 South. 316. The general law is not applicable. McNamara v. Minnesota Cent. R. Co., 12 Minn. 269 (388).

*C. M. Cooley* and *Rea, Hubachek & Healey*, for defendant.

The exception in Laws 1891, c. 131, § 35, as to shares on which loans have been made is not inconsistent with other provisions of the section, which insure the taxation of all the personal property of the association. Commrs. of Rice Co. v. Citizens' Nat. Bank, 23 Minn. 280; State v. Redwood Falls B. & L. Assn., 45 Minn. 154, 47 N. W. 540. Shares of stock are taxable at the domicile of the owner. But the state may give shares a special situs for taxation. 25 Am. & Eng. Enc. Law, 151, and cases cited; Seward v. City of Rising Sun, 79 Ind. 351; Tappan v. Merchants' Nat. Bank, 19 Wall. 490; Cooley, Taxation, 22, 23; Welty, Assessments, § 56. Taxation of the personal property in possession of defendant and also of the stock against the owners, as provided by the act of 1891, would be double taxation. Id. §§ 56, 57.

*Benton & Molyneaux*, for defendant.

Even if that part of Laws 1891, c. 131, § 35, which excepts from taxation shares on which loans have been made or money advanced by the association is unconstitutional, it does not follow that the whole statute is invalid. Mayor of Hagerstown v. Dechert, 32 Md. 369; Com. v. Hitchings, 5 Gray, 482; Robinson v. Bidwell, 22 Cal. 379; Eells v. People, 5 Ill. 498; State v. Eastabrook, 3 Nev. 173. Compare, McCready v. Sexton, 29 Iowa, 356; Christy v. Board of Supervisors, 39 Cal. 3; 3 Am. & Eng. Enc. Law, 676, n. 4; State v. Copeland, 3 R. I. 33; State v. Tuttle, 53 Wis. 45, 9 N. W. 791; State v. Exnicios, 33 La. An. 253; Spraigue v. Thompson, 118 U. S. 90, 6 Sup. Ct. 988. The law is constitutional. A tax on the capital stock is a tax on the property of a corporation. Com. v. Delaware, S. & S. R. Co., 165 Pa. St. 44, 30 Atl. 522, 523; People's L. & H. Assn. v. Keith, 153 Ill. 609, 39 N. E. 1072. See Lackawanna Co. v. First Nat. Bank, 94 Pa. St. 221; Commrs. of Rice Co. v. Citizens Nat. Bank, 23 Minn. 280.

START, C. J. The defendant is a building and loan association, incorporated under the general laws of this state, having its general office and place of business at Minneapolis, and doing business within and without the state as a national association.

On May 3, 1893, it having been required by the assessor to re-

turn to him a statement of its personal property for taxation, it returned only one item, viz. office furniture and fixtures, of the value of $500. The assessor was not satisfied with the return, and, after due notice to the defendant, added to its assessment the aggregate amount of $45,800 for moneys and credits, and on this basis it was assessed for taxes on personal property for the year 1893. The taxes were not paid, and proceedings were instituted in the district court of the county of Hennepin for their collection; and upon a trial thereof the court found that the amount so added by the assessor was excessive in the sum of $10,289, and reduced the amount of the taxes accordingly, and ordered judgment against the defendant for the balance. At the request of the defendant, the trial court certified the case to this court, under the provisions of G. S. 1894, § 1589.

As we construe the certificate of the trial court, the statement of facts, and decision attached thereto, there is only one question before us for decision, viz. the constitutionality of Laws of 1891, c. 131, §§ 34, 35 (G. S. 1894, §§ 2888, 2889). They read as follows:

"Sec. 34. Every such association shall be assessed for and pay taxes upon its office furniture and fixtures and all real estate acquired in the course of its business.

"Sec. 35. The amount standing to the credit of each member of any such association, upon its books, shall be considered and held as the individual credit of such member, and each member shall list the shares held by him for taxation, at their real value in money, in the county of his residence, the same as other credits are listed, except shares upon which loans have been made or money advanced by the association."

It is conceded by both parties that these provisions apply to the defendant, and, if they are constitutional, that none of its personal property can be assessed to it and taxed, except its office furniture and fixtures, and that its return to the assessor was correct, and his action in adding to it was unauthorized. The state, however, contends that these provisions of the statute impinge on sections 1 and 3, article 9, of the constitution, the here material parts of which are as follows:

"Section 1. All taxes to be raised in this state shall be as nearly equal as may be, and all property on which taxes are to be levied

shall have a cash valuation, and be equalized and uniform throughout the state.  *  *  *"

"Sec. 3. Laws shall be passed taxing all moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise, and also all real and personal property, according to its true value in money.  *  *  *"

These provisions of the fundamental law of the state are imperative, and require that taxes shall be uniform and equal, as near as may be, and that all property not exempted by the constitution shall be taxed according to its true value in money.  The method of securing these results is left with the legislature, and the mere fact that the statute here in question seeks to take building and loan associations of the class to which the defendant belongs out of the operation of the general tax laws of the state does not make the statute unconstitutional, provided it secures substantial equality of taxation of all of the property held or owned by the class for whose benefit the law was enacted.  But, whatever the method adopted, the legislature cannot, directly or indirectly, exempt any property from taxation which the constitution does not so exempt.

The test, then, of the validity of the statute we are considering is whether or not it, in effect, exempts from taxation any substantial part of the property of the building and loan associations to which it applies.  These associations, including the defendant, are corporations of this state.  Their legal existence, right to do business, to hold property, and to protect and enforce their property rights, all depend upon our laws.  Their moneys, credits, and other property within this state, no matter what the relations, duties, or obligations of the associations to their shareholders may be, are therefore subject to taxation in this state.  All of their moneys, although they are received from a large number of shareholders, widely separated, and must be returned to them, with accrued profits, are, nevertheless, the property of the association, which is protected by our laws, and has a situs in this state.  In re Jefferson, 35 Minn. 215, 28 N. W. 256.

This brings us to the pivotal question in this case.  Do these sections 34 and 35 (G. S. 1894, §§ 2888, 2889) provide a method whereby substantially all of the property of these associations is taxed?

Counsel for the defendant answer the question in the affirmative,

and support their conclusion by four printed briefs, in which the question is exhaustively and ably discussed, and authorities cited. We cannot here review the several arguments in detail. They may, however, be fairly summarized as follows: (a) While the constitution requires all property not exempted by it to be taxed according to its true value in money, the method of taxation is left with the legislature, and it may provide for the taxation of each item of the property of a corporation specifically, or substitute for this method the taxation of its stock, which represents its property; that double taxation ought to be avoided, and that, where a law exempts from taxation the specific items of the personal property of a corporation, but provides for the taxation of its entire stock, the law is constitutional. (b) That the legislature, by section 35, has provided for the taxation of all of the stock of these associations. (c) Therefore, section 34, which, by necessary implication, exempts from taxation the personal property of such associations, except their office furniture and fixtures, is constitutional.

Without intimating any opinion as to the correctness of the first proposition as a whole, we pass to the second, and submit it to the crucial test of the express provisions of section 35. So testing it, it would seem that its inaccuracy lies so plainly on the very surface of the statute as to render any extended discussion unnecessary. The business of the defendant, and that of the class of building and loan associations known as "national" associations, is not by law limited to this state, but its shareholders are scattered over the entire country; and the trial court found that a large majority of the stock of the defendant is owned outside of this state. Now section 35, by necessary implication, exempts from taxation all stock owned out of the state, for it provides that "each member shall list the shares held by him for taxation, at their real value in money, in the county of his residence, the same as other credits are listed." This exempts all stock held by nonresidents from taxation in this state. If it may be assumed that they will list their stock for taxation in the county and state of their residence, yet taxation of the stock of the corporation of this state in another state—for example, New York—is not the equivalent of taxation of the property of a corporation it represents in Minnesota.

This section 35 (G. S. 1894, § 2889) not only exempts from taxation in

this state all shares of stock held by nonresidents (which, in the case of this defendant, is a large majority of its stock), but it further exempts from taxation all "shares upon which loans have been made or money advanced by the association"; that is, however small the amount advanced to a shareholder on his stock, the whole of it is exempt from taxation, for in such case he is not required to "list the shares held by him for taxation   *   *   *   in the county of his residence." Inasmuch as these associations are authorized to do business outside of this state, and can loan their funds only to their shareholders, it requires no argument to show that section 35 does not provide for the taxation of the property of the corporations by taxing their entire stock. If section 35 had provided for the assessment for taxation of the entire stock of these associations in the town or city in which they are located and have their principal place of business, and had provided for the collection of the tax levied on such assessments in some practical way, similar to the provisions relating to the assessment and taxation of bank stock, we should have an entirely different question to deal with. But, taking the provisions of section 35 as they are, we must and do hold that they do not provide for the taxation of the property of these associations by taxing their stock in the hands of the holders thereof. Such being the case, section 34 (G. S. 1894, § 2888), in so far as it exempts the personal property of these associations from taxation, is unconstitutional.

It is true, as claimed by counsel for defendant, that a law providing for the taxation of property is not unconstitutional, because, in its practical operation, property which ought to pay taxes escapes the burden. But such is not this case. It is conceded, both by the defendant and the state, that section 34, by necessary implication, exempts from taxation the personal property of the defendant and similar associations. Such being the case, it is unconstitutional, unless the legislature has provided for the taxation of the representative of the property,—the stock. This, as we have seen, has not been done, but, on the contrary, a large portion of such stock is also, by section 35, exempted from taxation in this state. Hence, sections 34 and 35 must fall together, for they are interdependent.

2. The defendant further contends that, if Laws 1891, c. 131, §§ 34, 35 (G. S. 1894, §§ 2888, 2889), are unconstitutional, then Laws 1889, c. 236, § 35, which, it is claimed, provides for the taxation of all of the

stock of these associations, is still in force, because not inconsistent with anything remaining in the act of 1891, if sections 34 and 35 are declared void.

We need not consider the question whether or not Laws 1889, c. 236, § 35, is still in force, for the claim that this section provides for the taxation of all of the stock of the association can find no support in the provisions of Laws 1889, c. 236, §§ 35, 36. Both of these sections must be construed together; and, when so read and construed, it is apparent that they make no provision for the taxation of the stock of nonresidents in this state, and that these sections, in this respect, are as obnoxious to the constitution as are Laws 1891, c. 131, §§ 34, 35 (G. S. 1894, §§ 2888, 2889), which we have considered. It is true that Laws 1889, c. 236, § 35, provides that every stockholder shall pay taxes upon the shares held by him; but, by reference to the next section, section 36, it becomes apparent that only resident stockholders are referred to, for the secretary of the association, by this last section, is only required to transmit to the auditor of every county in this state, in which the association shall have shareholders, a statement of the names of every person in such county holding stock, and the amount and value of the shares. This, in the absence of any general or other tax law providing for the taxation of such stock held by nonresidents, by necessary implication exempts the stock of persons not living in any county in this state from taxation. As we have already suggested, the defendant is a corporation of this state, having here its principal place of business, and its money and credits, and other personal property within the state, must be taxed in this state; and any method of substituted taxation, whereby the stock of the association is to be taxed, in lieu of the specific taxation of such property, must provide for the taxation within this state of all of its stock, or it will be unconstitutional.

Order affirmed.