THE MONTCLAIR MILITARY ACADEMY, PROSECUTOR, v. THOMAS H. BOWDEN, COLLECTOR OF TAXES OF THE TOWN OF MONTCLAIR.

Submitted March 7, 1897—Decided June 8, 1897—Opinion filed October 19, 1900.

Incorporation is not necessary in order to exempt from taxation a college, academy, seminary of learning, public library, school-house or building erected and used for religious worship. The requirement of incorporation introduced by the amendment of May 16th, 1894, to the Tax act extends only to institutions using buildings as asylums or schools "for the care, cure, nurture, maintenance and education of feeble-minded or idiotic persons and children."

On *certiorari.*

Before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Coult & Howell.*

For the defendant, *Charles D. Thompson.*

The opinion of the court was delivered by

LUDLOW, J.    For a number of years prior to and including the year 1895, John G. MacVicar conducted a military academy in the town of Montclair.    It had received contributions from citizens, but was his private property, subject to certain charges, and was conducted for his own benefit. Under the Tax act of 1866 (*Rev.*, *p.* 1150), the buildings and lands of this academy were exempt from taxation. *Englewood School* v. *Chamberlain*, 26 *Vroom* 292.

Under color of an amendment passed May 16th, 1894 (*Gen. Stat.*, *p.* 3320), Montclair has now attempted to tax such buildings and lands upon the claim that such an institution, since that amendment, must be incorporated under the laws of this state in order to be exempt, and that the incorporation claimed by the prosecutor is nugatory.    Such challenged incorporation was effected by the filing of a certificate by Mr. MacVicar, his wife and father, under the General Corporation act, in December, 1895, the corporate existence to begin on January 1st, 1896.    The capital stock authorized was $75,000, all but two shares of which was taken by Mr. MacVicar.    In February, 1896, the property of the academy was conveyed to the prosecutor.

The ground of challenge of the incorporation of the prosecutor is that, inasmuch as there are general statutes authorizing the incorporation of societies for the promotion of learning (*Gen. Stat.*, *p.* 1924, *et seq.*), some of them authorizing capital stock, such statutes are exclusive, and incorporation under the General Corporation act is not permissible.

It is not necessary to decide this question.    The amendment of 1894 to the Tax act has been misinterpreted by the counsel of Montclair.    It does not require incorporation of

such an institution as the academy in question. The purpose of this amendment was only to extend the exemption of the act to a class of buildings and land not previously embraced and not to affect pre-existing exemptions. This would have been quite plain but for the constitutional requirement that in amending a law the section amended must be inserted at length. Of course the section as so amended must be construed as a whole, and the effect of this constitutional requirement may sometimes be to work a change, perhaps, not anticipated, but a comparison of the section before and after amendment will demonstrate that no further change than above indicated was affected in the case in hand.

The following is the section as it now stands in the law, the words in italics being all that were inserted by the amendment:

"Sec. 5. The following persons and property shall be exempt from taxation, namely:  *  *  *  All colleges, academies or seminaries of learning, public libraries, school-houses, buildings erected and used for religious worship, *buildings used as asylums or schools for the care, cure, nurture, maintenance and education of feeble-minded or idiotic persons and children, provided such institutions are duly incorporated under the laws of this state,* and the land whereon the same are situate, necessary to the fair use and enjoyment thereof, not exceeding five acres for each one, the furniture thereof and the personal property used therein, the endowment or fund of any religious society, college, academy, seminary of learning, public library, *or institution for feeble-minded persons as aforesaid;* provided that no building so used which may be rented for such purposes and rent received by the owner therefor shall be exempted."

When we consider that it is impossible to incorporate "school-houses" or "buildings" it is plain that the "institutions" that must be incorporated in order to come within the law are not all the exempt classes recited. The natural antecedent of the proviso requiring incorporation is the class of "asylums or schools for the care, cure, nurture, maintenance or education of feeble-minded or idiotic persons and children,"

and that this is the true interpretation of the statute is demonstrated by the subsequent segregation in the section of the "*institution* for feeble-minded persons as aforesaid" from the college, academy, seminary of learning, and public library, when provision is made for exemption of endowments and funds.

The tax under review has been assessed upon an academy or seminary of learning, and lands not exceeding five acres necessary to the fair use and enjoyment thereof. It was not necessary to exemption that such an institution should be incorporated, and the tax is therefore set aside, with costs.