EDWARD TIPPETT, PROSECUTOR, v. JOHN C. McGRATH, COLLECTOR OF TAXES OF THE BOROUGH OF ROCKA-WAY, IN THE COUNTY OF MORRIS.

Submitted June 18, 1903—Decided November 9, 1903.

1. Exemptions of property from taxation based not upon character-istics possessed by such property or upon the uses to which it is put, but upon the personal *status* of its owner, are unconstitutional, under article 4, section 7, paragraph 12 of the constitution, which provides that "property shall be assessed for taxes under general laws and by uniform rules according to its true value."

2. An act entitled "A further supplement to an act entitled 'An act concerning taxes,' approved April 14th, 1846" (*Pamph. L.* 1888, *p.* 479; *Gen. Stat., p.* 3313), is unconstitutional and void in so far as it provides that "the real and personal property of all persons enrolled as active members of any fire company, &c., shall be exempt from taxation to the amount of $500."

3. The question whether certain bonds authorized to be issued by a borough board of education were in fact issued at the time of the computation of ratables for assessment, should not be decided upon a *certiorari* brought by a taxpayer against the borough collector, where no notice of the pendency of such proceeding has been given to anyone representing the public interests sought to be attacked.

On *certiorari* in matter of taxation.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the prosecutor, *Charles Stilwell, Jr.*

For the defendant, *John F. Stickle.*

The opinion of the court was delivered by

GARRISON, J. The first reason assigned by the prosecutor for setting aside the tax upon his property is as follows: "Because the prosecutor is entitled to an exemption from taxation for poll tax and from state, county and municipal taxation upon real and personal property not exceeding in the aggregate five hundred dollars, by virtue of the provisions of the first section of the act entitled 'A further supplement to the act entitled "An act concerning taxes," approved April 14th, 1846,' which supplement was approved April 23d, 1888, and was so entitled at the time of making the assessment of taxes in said borough for the year nineteen hundred and two."

With regard to the prosecutor's right under this statute to an exemption from poll tax nothing need be said, inasmuch as he was allowed an exemption of $5, which more than covers his claim in this respect.

The prosecutor's further contention that, by force of the legislative language above quoted, he is entitled to have his

real and personal property exempted from taxation to the amount of $500 of its assessed value, calls for a decision as to the efficiency of the legislation in question for this purpose.

Article 4, section 7, paragraph 12, of the state constitution provides that "property shall be assessed for taxes under general laws and by uniform rules according to its true value." By a number of decisions it has been held not only that this constitutional provision does not require that all property shall be taxed, but also that the legislature may select certain classes of property for taxation, or may exempt certain classes of property from taxation, provided, in each case, the legislative object be accomplished by general laws and that the property so selected be dealt with under rules that are uniform as to all of the class. *Stratton* v. *Collins*, 14 *Vroom* 562; *State Board of Assessors* v. *Central Railroad Co.*, 19 *Id.* 146; *Sisters of St. Elizabeth* v. *Chatham*, 22 *Id.* 89; 23 *Id.* 373; *Trenton Saving Fund* v. *Richards*, *Id.* 156; *Trustees of Public Schools* v. *Trenton*, 3 *Stew. Eq.* 667; *Kirkpatrick* v. *New Brunswick*, 13 *Id.* 46; *Id.* 347; *Englewood School* v. *Chamberlain*, 26 *Vroom* 292; *Newark* v. *Verona Township*, 30 *Id.* 94; *Home, &c.*, v. *Landis*, *Id.* 343; *Trustees* v. *Paterson*, 32 *Id.* 420; *Rescue Mission* v. *High*, 35 *Id.* 116; *Montclair, &c.*, v. *Bowden*, *Id.* 214; *Sisters of Peace* v. *Westervelt*, *Id.* 510; *Litz* v. *Johnston*, 36 *Id.* 169; *Fidelity Trust Co.* v. *Vogt*, 37 *Id.* 86; *St. Vincent de Paul* v. *Brakeley*, 38 *Id.* 176.

In *Firemen's Relief Association* v. *Johnson*, 33 *Id.* 625, the constitutionality of the statute was not raised or considered.

Confining our attention to the matter of exemption from taxation, the judicial rulings that have been cited have sustained statutes that exempted colleges, seminaries of learning, buildings used exclusively for religious worship, cemeteries, the property of hospitals and the buildings and land of numerous charitable institutions. The uniform purport of these decisions is that the legislature may, for the purpose of exemption from taxation, classify property either by some common feature possessed by it, or by the uses to which it

is put by its owners. Taking this much as established, the question, now for the first time presented for judicial decision, is whether the legislature, instead of classifying property for the purpose of exemption either by its characteristics or by its uses, may classify the owners of property according to some characteristic possessed by them, or arising from some *status* acquired by them, or connected with their conduct, past, present or future, and thereupon base an exemption of the property of such persons, regardless of the characteristics possessed by it and of the uses to which it is put. The mere statement of the proposition leaves such classifications without constitutional support, for by the terms of that instrument it is *property* that is to be assessed—it is *property* with respect to which taxing laws must be general and rules uniform. The decisions construing this constitutional provision, in so far as they have sanctioned classifications as the basis of legislation, either for taxation or for exemption, have done so upon the express ground that such classifications were based upon features that inhered in the property itself or in the purposes to which it or its usufruct was devoted. To substitute for property in such classifications the persons who own property and then to base the proposed exemption upon the *status* or vocation or avocation of such persons is without any constitutional warrant. Exemptions from taxation, therefore, of property, real or personal, that are based not upon any characteristic possessed by such property, or upon the uses to which it is put, but upon the personal *status* of the owners of such property, are void. In so far, therefore, as the prosecutor's claim to deduction is based upon his partial exemption from taxation by virtue of his being an active fireman, it must be denied.

The other claim advanced by the prosecutor is that he should not be assessed for his proportionate share of $1,300 of the sum upon which the special school tax is calculated, because, as he claims, to that amount the bonds that were authorized by the board of education of the borough of Rockaway to be issued were not in fact issued at the time the ratables of the borough were computed for assessment. This

ground for the setting aside of the prosecutor's tax will not now be considered, because no one properly representing the school district in this regard has been made a party to these proceedings, or been given notice of them so that they might come in. Obviously, the collector, to whom alone the writ is directed and who is the only defendant, is not the proper party to defend the board of education in the respect complained of. Even the question whether the issue can be raised in these proceedings should not be passed upon in the absence of the proper party representing the interests of the public.

The tax brought up by this writ will therefore be affirmed unless, before the rising of the court, some further order in the premises is made with respect to the matter last adverted to.