SALEM AND PENNSGROVE TRACTION COMPANY, PROSE-
CUTOR, v. STATE BOARD OF TAXES AND ASSESS-
MENT ET AL., RESPONDENTS.

Argued February 21, 1922—Decided June 8, 1922.

1. Chapter 25 of the laws of 1919 (*Pamph. L., p.* 49), entitled "An
   act for the taxation of the gross receipts of street railway trac-
   tion, gas and electric light, heat and power corporations using or
   occupying public streets, highways, roads or other public places,
   in lieu of taxation of certain property of such corporations," is
   constitutional.
2. The additional franchise tax imposed by chapter 25 of the laws
   of 1919, page 49, is in the nature of a license tax, and not a tax
   upon property.

On *certiorari,* &c.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the prosecutor, *John D. McMullin.*

For the respondents, *Thomas F. McCran,* attorney-general,
and *William Newcorn,* assistant attorney-general.

The opinion of the court was delivered by

TRENCHARD, J.    This writ brings up for review an assess-
ment for taxes against the prosecutor, a street railway com-
pany, levied upon its gross receipts under the authority. of
chapter 25 of the laws of 1919, page 49, and the sole question
presented is the constitutionality of that statute.

The act is entitled:

"An act for the taxation of the gross receipts of street rail-
way, traction, gas and electric light, heat and power corpo-
rations using or occupying public streets, highways, roads or
other public places, in lieu of taxation of certain property of
such corporations."

Its preamble recites, in effect, that street railway corpora-
tions are subject to a franchise tax of five per cent. on their

gross receipts each year in accordance with chapter 290 of the laws of 1906, and that gas and electric light, heat and power corporations are now subject to a like tax in accordance with chapter 195 of the laws of 1900, as amended by chapter 17 of the laws of 1917.

Section 1 of the act provides:

"In addition to the franchise taxes which are imposed under and by the acts hereinbefore recited, there shall be levied and assessed upon gross receipts of street railway, traction, gas and electric light, heat and power corporations an additional annual tax at the average rate of taxation of this state as computed and fixed by the state board of taxes and assessment under the provisions of chapter 82 of the laws of 1906, which additional tax shall be levied and assessed upon the gross receipts of such corporations from their business over, on, in, through or from their lines, wires or mains, in the State of New Jersey, for the year ending December thirty-first next preceding, and shall be apportioned, except as herein set forth, paid and collected in the same manner and at the same time as the said franchise taxes are apportioned, paid and collected, * * * which additional tax hereby imposed shall be in lieu of all state, county, school and local taxation of all personal property, and of all railways, tracks, rails, ties, lines, wires, cables, poles, pipes, conduits, bridges, viaducts, machinery, apparatus and equipment, notwithstanding any attachment thereof to lands or buildings, held and owned by any such corporation."

The contention of the prosecutor is that the act in question is in violation of article 4, section 7, paragraph 12 of the constitution of New Jersey, which requires that "property shall be assessed for taxes under general laws, and by uniform rules, according to its true value;" in that it attempts to tax personal property other than at its true value.

We are of the opinion that there is no merit in that contention.

It has been well settled that this provision of the constitution does not take away from the legislature the power of selecting the subjects of taxation, but requires that all of the

members of the class selected shall be included in the taxing law and that the rule applied thereto shall be uniform as to. the whole of the class. The phrase "uniform rules" does not refer to those regulations that pertain to the agencies and methods employed in the assessment and collection of taxes, but only to the basic rules for taxation, which settle how the public burden is to be distributed, including the designation of the property that is to contribute and the rate or ratio by which the taxes are to be laid and apportioned. *Central Railroad Co. of New Jersey* v. *State Board of Assessors,* 75 *N. J. L.* 120.

As we have seen, the act in question levies upon the gross receipts of certain classes of public utility companies an annual tax at the average rate of taxation of this state, in addition to the existing franchise tax, and exempts them from all state, county, school and local taxation of all personal property.

The right of the legislature to levy a franchise tax was settled in the case of the *North Jersey Street Railway Co.* v. *Jersey City,* 73 *N. J. L.* 481; *affirmed,* 74 *Id.* 761, and the constitutionality of chapter 195 of the laws of 1900 was upheld. There (as here) it was contended "that a tax upon gross receipts is not a tax according to true value, as required by the constitution, for the reason that the percentage of gross receipts must be levied though the exercise of the franchise may actually involve a loss and the franchise may be of no value; second, that the act attempts to provide two different methods of taxation for the property of the corporation—one by local assessors according to its value; the other an arbitrary imposition by a state board." The court there held that a tax on gross receipts was not a property tax but a license tax, imposed by the state as a condition precedent to the exercise of special privileges in the streets, and pointed out that the right of imposing such a tax upon the general franchise to be a corporation had been sustained by the courts. Special franchises to use the streets do not differ essentially from the general franchise to be a corporation, and it cannot be doubted that the legislature may grant the privilege

upon terms in the nature of a tax, subject to change by the legislature. *North Jersey Street Railway Co.* v. *Jersey City, supra; Jersey City and Hoboken Horse Railway Co.* v. *Jersey City and Bergen Railway Co.,* 21 *N. J. Eq.* 550; *New Orleans, C. & L. R. Co.* v. *New Orleans,* 143 *U. S.* 192.

The prosecutor strenuously contends, however, that the tax authorized by the act in question is not a franchise tax but is a property tax.

But we find nothing in the act to sustain this contention. The act discloses a legislative intent to substitute in place of the personal property tax an additional franchise tax in the nature of a license tax, based upon gross receipts, for the use of the streets. It is within the province of the legislature to exempt certain classes of corporations from personal property taxation, and treat them as a separate class by themselves, and, as long as those of that class are taxed according to uniform rules, no exception can be taken to that method. Public utilities, by reason of the peculiar nature of their business, form a separate and distinct class in themselves, and, as such, can be used as a proper classification for the purpose of taxation without violating the constitution.

There is nothing in the act in question which discloses a legislative intent to tax property. On the contrary, the title of the act, the preamble and the body of the act all disclose the legislative intent to exempt personal property, belonging to the classes affected, from taxation, and to substitute in lieu thereof an additional license tax for the use of the streets by imposing an additional annual tax, at the average rate of taxation of this state, as computed and fixed by the state board of taxes and assessment. In other words, the legislature has said, first, that under the provisions of the 1906 act, the public utilities of the class set forth in that act, and under the act of 1917, the public utilities affected by that act, shall pay a franchise tax of five per cent., and secondly, that under the provisions of chapter 25 of the laws of 1919, the public utilities covered by both of these acts shall pay, in addition to the five per cent. levied upon the gross receipts, an additional license or franchise tax which, instead of having

a fixed percentage levied upon the gross receipts, shall be determined by the average tax rate of the state from year to year, and that they shall be exempt from all state, county, school and local taxation of all personal property.

The assessment under review will be affirmed, with costs.