CITY OF MINNEAPOLIS v. J. G. ARMSON AND OTHERS. WORMAN MOTORS, INC. AND OTHERS, INTERVENERS.[1]

February 3, 1933.

No. 29,236.

*Stinchfield, Mackall, Crounse, McNally & Moore,* for appellants.

*Neil M. Cronin,* City Attorney, and *Palmer B. Rasmussen,* Assistant City Attorney, for plaintiff-respondent.

[1]Reported in 246 N. W. 660.

168

HOLT, Justice.

The court overruled interveners' demurrer to the complaint, certifying the questions involved to be important and doubtful. Interveners appeal.

From the complaint it appears that plaintiff's assessor included in his assessment of personal property for taxation new and unused motor vehicles owned by certain dealers in the city on May 1, 1931, of the assessed valuation of $121,945, which was extended upon the tax lists of the auditor against said dealers for an ad valorem tax; that these dealers against whom such tax had been extended have filed with defendants certain applications for reductions in the taxable value of their personal property, basing such claims upon G. S. 1923 (1 Mason, 1927) § 2674(b), as amended by L. 1931, p. 59, c. 58, Mason, 1931 Supp. § 2674(b); that defendants unless restrained will grant the applications; that the reductions, if granted, will reduce the taxes receivable by the city in the amount of $9,109.29; that the budgets for the city have been made up and are based upon the assessed valuation and include the said sum expected to be received by the city from the taxes extended against said dealers on account of the motor vehicles so assessed; and that now to rebate the amount stated will necessitate an increase in the rate of taxation on other property and irreparably damage other taxpayers. The complaint then avers that said L. 1931, p. 59, c. 58, contravenes art. 1, §§ 2 and 7, and art. 9, § 1, of the state constitution.

G. S. 1923 (1 Mason, 1927) § 2674, relates to the taxation of motor vehicles using public streets and highways, placing upon them a more onerous tax than upon other personal property by virtue of art. 16 of the constitution, the trunk highway amendment. Subdivision (b) of said § 2674, here involved, prior to the enactment of L. 1931, p. 59, c. 58, read:

"Motor vehicles not subject to taxation as provided in the foregoing section, but subject to taxation as personal property within the state of Minnesota, shall be assessed and valued at thirty-three and one-third per cent of the true and full value thereof and be taxed at the rate and in the manner provided by law for the taxa-

tion of ordinary personal property; provided, that if the person against whom any tax has been levied on the ad valorem basis because of any motor vehicle shall, during the calendar year for which such tax is levied, be also taxed under the provisions of this act, then and in that event, upon proper showing, the Minnesota tax commission shall grant to the person against whom said ad valorem tax was levied, such reduction or abatement of assessed valuation or taxes as was occasioned by the so-called ad valorem tax imposed."

The proviso above quoted was construed as not applying to new vehicles owned by a dealer on May 1 which were afterwards sold by the dealer to persons who upon such sale paid the license tax for the balance of the year. It was held applicable only to cars which had been assessed upon the ad valorem basis against a dealer on May 1, and which thereafter, in the same year, the dealer concluded to use upon the public highway and therefore paid the license tax thereon. State ex rel. Byers-Prestholdt Motor Co. v. Minnesota Tax Comm. 178 Minn. 300, 227 N. W. 43. That proviso lent itself to construction, and we think it was properly construed in that case, so that there was not a duplication of a tax against the same person, even though the same property had been subject to two different taxes during one year. That decision was filed in October, 1929.

The next legislature by L. 1931, p. 59, c. 58, added this second proviso to subd. (b) of said § 2674 of the code:

"and provided further that, if said ad valorem tax upon any automobile has been assessed against a dealer in new and unused motor vehicles, and the tax imposed by this act for the required period is thereafter paid by the owner, then and in that event, upon proper showing, the Minnesota Tax Commission, upon the application of said dealer, shall grant to such dealer against whom said ad valorem tax was levied such reduction or abatement of assessed valuation or taxes as was occasioned by the so-called ad valorem tax imposed."

There can be no doubt that the proviso was enacted to grant the relief to dealers which by our construction of the first proviso the

dealers were excluded from. It is also very clear that the 1931 proviso leaves no room for construction. It plainly enacts that if an ad valorem tax upon any automobile has been assessed against a dealer in new and unused motor vehicles and the license tax, for a required period of the tax year, is thereafter paid by the owner, the dealer, on proper showing, shall be entitled to a reduction of the ad valorem assessment or tax occasioned thereby. The attack on L. 1931, p. 59, c. 58, must therefore be confined to the contention that it violates some provision of the constitution of this state. Although the complaint alleges this law to be violative of art. 1, §§ 2 and 7, as well as of art. 9, § 1, neither the oral argument nor the brief attempted to point out wherein any provision of L. 1931, p. 59, c. 58, is repugnant to either of the two specified sections of art. 1. We therefore need only consider the arguments made touching the alleged conflict of the proviso added in 1931 with art. 9, § 1.

The first contention is that c. 58 impinges upon this sentence in the section of the constitution last mentioned:

"The power of taxation shall never be surrendered, suspended or contracted away."

After so declaring, the same section exempts from taxation certain property devoted to certain purposes and authorizes the legislature to exempt other property within prescribed limits. It is therefore argued that any statute is unconstitutional that purports to exempt from taxation property other than that so declared by this § 1 of art. 9; hence, L. 1931, p. 59, c. 58, is unconstitutional, for its effect is to exempt certain motor vehicles of dealers from taxation. It may be conceded that a law which exempts from taxation property not exempted by or under the constitutional provision referred to is void. Le Duc v. City of Hastings, 39 Minn. 110, 38 N. W. 803; State v. Pioneer S. & L. Co. 63 Minn. 80, 65 N. W. 138; State v. Bishop Seabury Mission, 90 Minn. 92, 95 N. W. 882. But we think the contention is untenable that L. 1931, p. 59, c. 58, exempts the motor vehicles therein described from a tax. By art. 16, § 3, of the constitution, motor vehicles using public highways may be subjected to a more onerous mode of taxation than other

personal property. It is true that this is in part a privilege tax, but it is also, by the section of the constitution referred to, a lieu tax. Plainly it was not intended, under the constitutional provisions referred to, to let the same motor vehicle bear the burden of the two kinds of taxes during the one tax period or year. Neither legislatures nor courts aim for duplicate taxation. Bd. of Co. Commrs. of Rice County v. Citizens Nat. Bank, 23 Minn. 280. When by L. 1931, p. 59, c. 58, the tax commission is authorized to cancel the taxes assessed against a dealer for the new and unused motor vehicles owned on May 1, which thereafter during that tax year he has sold to one who has paid the license tax for the required period of that year, there is no real exemption of any tax. The motor vehicle, when the license tax was paid, passed from one class to the other for the purposes of taxation, and the reduction of the ad valorem assessment is a mere adjustment which follows upon the transition of the property from the one class to the other during the tax year.

It is true, the license tax does not go to the city or for the same purpose as the ad valorem tax; but the constitution (art. 16) makes it a lieu tax, indicating an intention not to subject motor vehicles to both taxes. Therefore, when this proviso of 1931 permits a reduction in the ad valorem tax, because of the motor vehicles so assessed passing out of that class by payment thereon of the license tax, it is in no manner an exemption. It is more proper to say that there has been a substitution of what is deemed a more onerous tax for one not so burdensome. This of course may not be true if the substitution occurs during the last months of the tax year.

Michigan has constitutional provisions in respect to taxation somewhat similar to our own, and there it has been held that the legislature had the power to relieve motor cars paying a license tax from the ad valorem tax. Jasnowski v. Board of Assessors, 191 Mich. 287, 157 N. W. 891. Defendants also cite cases from New Jersey and Oregon which contain language favorable to their contention, but the constitutional provisions are different and the controverted legal propositions are not the same. Tippett v. McGrath, 70 N. J. L. 110, 56 A. 134; Id. 71 N. J. L. 338, 59 A. 1118; Salem &

Pennsgrove T. Co. v. State Board, 97 N. J. L. 386, 117 A. 401; Id. 98 N. J. L. 570, 119 A. 926; Briedwell v. Henderson, 99 Or. 506, 195 P. 575; Camas Stage Co. Inc. v. Kozer, 104 Or. 600, 209 P. 95, 25 A. L. R. 27. So no real support for the constitutionality of L. 1931, p. 59, c. 58, is to be derived from these cases.

Plaintiff relies upon some expressions in State ex rel. Byers-Prestholdt Motor Co. v. Minnesota Tax Comm. 178 Minn. 300, 227 N. W. 43, there adduced as reasons for construing the first proviso of § 2674 so as to embarrass the taxing authorities and the municipal beneficiaries of the tax as little as possible. Where a statute is open to construction it should be so construed as best to serve or promote the purpose intended. In other words, the practical workings of the construction to be adopted may be considered. But, as already stated, L. 1931, p. 59, c. 58, is not open to construction. Its meaning is definite and clear beyond doubt.

Chapter 58 is also claimed to be repugnant to this clause in art. 9, § 1:

"Taxes shall be uniform upon the same class of subjects * * *."

Under our present constitution there can be no doubt of the authority of the legislature to classify motor vehicles for taxation purposes, making classification dependent upon the fact of whether or not they are used upon the public streets or public highways. And for like reasons there seems no valid ground for denying the legislature the power to place in a separate class new and unused motor vehicles owned by dealers on May 1. It is well known that such vehicles are held with a view to sell with all possible speed. When sold they cannot be used as cars are ordinarily used, that is, on public streets or highways, without the payment of the license tax. New and unused motor vehicles stand on different footing in respect to taxation than other personal property. Other personal property assessed on May 1 does not come under any other tax during the year no matter to what use it may be devoted either in the hands of the one against whom it was assessed or in those of a vendee. Personal property taxes, while enforced in personam, are nevertheless assessed and imposed on account of the property. And when

motor vehicles are in the hands of dealers for the very purpose of selling them speedily so as to subject them to the more onerous tax, it would seem that uniformity would be promoted by canceling the ad valorem assessment when the license tax is substituted by being paid for that taxing period for which the ad valorem assessment was made. There is then no duplication of tax upon the same subject. Under no view of c. 58 may it be said to exempt personal property from taxation or to be not uniform on the same class of subjects.

The order is reversed.