FIDELITY TRUST COMPANY v. ANDREW G. VOGT, RECEIVER OF TAXES, AND THE MAYOR, &c., OF NEWARK.

Argued November 8, 1900—Decided February 25, 1901.

1. Peculiarity existing in the use of property constitutes a legitimate basis of classification for the purposes of taxation, as in the case of railroad property, but it must be taxed according to its true value in view of and for such uses.

2. The legislature may exempt certain property from taxation on account of the use to which it is devoted where there is a substantial basis for the classification, such as the exemption of property used for the purposes of religion, education or benevolence.

3. The constitution requires that all the members of the class selected for taxation shall be included in the taxing law; that the rule applied thereto shall be uniform as to the whole class, and that the assessment shall be made at the true value of the property constituting the class.

4. It is within the legislative discretion to create classes upon a substantial basis for the convenience of effecting the levying and collection of taxes, and different methods of ascertaining true value may be prescribed in such classifications, and so long as the public burden is imposed substantially and proximately according to true value there will be no infirmity in the declaration of the legislative will.

5. Classification cannot lawfully be resorted to for the purpose of evading the constitutional mandate. When for a given class an arbitrary mode of assessment is provided, which subjects to taxation a part only of the true value of the property classified, the constitutional provision is violated.

6. The twenty-ninth section of the act of March 24th, 1899, concerning trust companies (*Pamph. L.* 1899, *p.* 450), which provides that "such companies shall be taxed upon the amount of their capital stock issued and outstanding," does not mean that the assessment shall be made at the par value of such shares, but that the whole number of such shares shall be subject to taxation, and not that the assessment shall be made arbitrarily at the par value which is less than the true value of such shares. With this construction the twenty-ninth section of the act is valid, otherwise it would be unconstitutional.

---

On *certiorari* in matter of taxation.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *Thomas N. McCarter.*

For the defendants, *Herbert Boggs.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff is a duly-incorporated trust company of this state, with a capital stock of $1,000,000. The prosecutor was assessed for the year 1900 on $1,600,000 of personal property, under the provisions of the act of 1878

(*Pamph. L., p.* 61; *Gen. Stat., p.* 935, § 133), which provides "That all the real and personal estate of every corporation incorporated by any act of the legislature, or by the filing of a certificate, or otherwise under any general law of the state, shall be taxed the same as the real and personal estate of an individual; provided, however, that the provisions of this section shall not apply to railway, turnpike, insurance, canal or banking corporations, or to savings banks, or to cemeteries, church property or purely charitable or educational associations."

The plaintiff claims exemption from taxation upon all his property except the par value of its capital stock of $1,000,000, by virtue of the provisions of section 29 of "An act concerning trust companies" (*Pamph. L.* 1899, *pp.* 450, 467), which section provides that "Every trust company incorporated under any law of this state shall be taxed in the taxing district where its office is situated upon the amount of its capital stock, issued and outstanding, except that any real estate belonging to any such corporation shall be taxed in the taxing district where such real estate is situated, and the amount of assessment upon said real estate may be deducted from the amount of any assessment made upon the capital stock of the company as herein provided for; the capital stock, property and franchise of any such corporation shall be exempt from taxation in this state, except as hereinabove provided for."

The following agreement is made part of this case:

"It is agreed between counsel that the following shall be added to and form part of the agreed statement of facts in this case the same as if originally incorporated therein:

"The property of the plaintiff in *certiorari* taxed by the commissioners of assessment and revision of taxes of the city of Newark, which tax is now under review, consisted of personal property of various kinds and forms, such as stocks and bonds of private and semi-public corporations (not exempt from taxation), money, mortgages upon real estate, promissory notes, stock notes and other evidences of indebtedness,

in which the capital and surplus of the plaintiff in *certiorari* was invested; the true value of such personal property aggregates at least the amount of the assessed valuation.

"The market value of the capital stock of the prosecutor at the time the assessment was made was at least $200 per share. Its par value was $100 per share.

"McCarter, Williamson & McCarter,

"*Att'ys of Plt'ff in Certiorari.*

"Herbert Boggs,

"*Att'y of Def'ts in Certiorari.*"

The only question in the case is, whether the assessment is valid for any sum in excess of the par value of the stock of said plaintiff company.

The controversy arises under the provision of our state constitution that "property shall be assessed for taxes under general laws, and by uniform rules, according to its true value."

The effect of this amendment is very elaborately discussed in *State Board of Assessors* v. *Central Railroad Co.,* 19 *Vroom* 146.

Chancellor Runyon, in delivering his opinion in that case, laid down the following propositions, in which, as I read the case, the majority of the judges of the Court of Errors and Appeals concurred:

"*First.* That the main stem of a railroad and water-way of a canal, with other property used in connection therewith and for the same purpose, must be valued and taxed with reference to their use; with reference to their value for railroad purposes.

"That the peculiarity existing in the use of railroad and canal property constitutes it a legitimate class for the purposes of taxation—a class which, in order to deal with it fairly in the matter of taxation, must be treated separately. That therefore the law *sub judice* in that case was a general law, providing for a classification which was not illusory, but distinguished by characteristics sufficiently marked and important to justify the classification.

*"Second.* That the constitutional provision requires not only that the assessment shall be under general laws, but that it shall be by uniform rules also. It does not require that all property shall be assessed for taxes, but that property, when assessed for taxes, shall be assessed according to the constitutional mandate.

*"Third.* That the legislature has power to exempt from taxation certain property on account of the use to which it is devoted, provided the exemption is based upon a substantial classification, such as the exemption of property used for the purposes of religion, education and benevolence.

*"Fourth.* That the constitutional provision does not take away from the legislature the power of selecting the subjects of taxation, but it does require that all the members of the class selected shall be included in the taxing law, and that the rule applied thereto shall be uniform as to the whole class, and that the assessment shall be made at the true value of the property constituting the class."

This construction of the provision of the organic law with reference to taxation is not now open to controversy, and in accordance with this interpretation the case in hand must be determined. It is within the legislative discretion to create classes upon a substantial basis for the convenience of effecting the levying and collection of taxes, and so long as the mode provided substantially assesses the property of the class at its true value, the legislature is within the exercise of its granted power, and the courts cannot interfere with its action.

Different methods of ascertaining true value may be prescribed in such classifications, and so long as the public burden is imposed substantially and proximately according to true value, there will be no infirmity in the declaration of the legislative will. The recognition of that rule is necessarily involved in the decision of the Central Railroad case, before cited.

But when, for a given class, an arbitrary mode of assessment is provided, which subjects to taxation a part only of the true value of the property classified, the constitutional

provision is disregarded, and the prescribed method cannot be invoked to inhibit a legal assessment.

Conceding that trust companies may be classified for the purposes of taxation, there is nothing in the character of their property, or the uses to which it is devoted, which differentiates it from like property held by others not within the class.

The stocks, bonds, notes and mortgages of trust companies are held as an investment of their funds for the purpose of earning dividends for their stockholders, as similar property is held by banks of discount and deposit and by individuals.

These securities have the same value, no matter by whom they are held.

There is no peculiarity in such property, or in its use by a trust company, which can justify the exemption of part of its value from taxation, which will not apply to like property in the ownership of a bank of discount and deposit, or in the hands of an individual.

Classification cannot be resorted to for the purpose of justifying the evasion of the constitutional mandate.

The fact that these securities are held by trust companies gives them no different value, and does not assimilate them to railroad property, which is properly valued according to its peculiar use.

In sustaining the Railroad Tax act, the court of last resort must necessarily have found, and it was so declared, that the act did impose taxation according to the true value of the property to which it applied.

It is admitted that the true value of the property of this trust company cannot be measured by the par value of its shares of stock, but that the true value is far in excess of such par value.

If, therefore, the act is held to prescribe arbitrarily that the assessment must be limited to the par value of the shares, the twenty-ninth section of the act is unconstitutional.

But if the enactment will bear an interpretation that will support its validity, that reading of it should be accepted.

Such a construction, in my judgment, can be given to it,

in view of the fact that it must be presumed that the legislature intended to comply with the requirement of the fundamental law.

The provision for assessment is. that the trust company shall be taxed upon the amount of its capital stock, issued and outstanding. This may mean either the par value of such shares, or the entire amount of such shares of stock, signifying that the whole number of its shares shall be subjected to taxation, and not that the assessment shall be made at the arbitrary value less than the true value of such shares. If the former meaning is attributed to the lawmaker, the twenty-ninth section of the act is unconstitutional, but with the latter meaning, the act must be upheld.

The construction which will support the legislation as a taxing act within the constitutional limitations should be adopted, and the assessment is therefore affirmed, with costs.