STATE OF NEW JERSEY, PROSECUTOR, v. MERCER COUNTY BOARD OF TAXATION AND ARTHUR BALLARD, COLLECTOR OF TAXES OF THE CITY OF TRENTON, DEFENDANTS.

Argued January 20, 1937—Decided July 22, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *David T. Wilentz* and *John Solan.*

For the defendants, *Sidney Goldmann* and *John Oswald.*

The opinion of the court was delivered by

DONGES, J. The writ of *certiorari* in this case brings up for review an assessment and imposition of taxes by the city of Trenton on certain property of the State of New Jersey, located in the rear of the state capitol and known as Stacy Park, for the year 1935.

The assessments were levied under and pursuant to the provision of chapter 438 of the laws of 1933 (*Pamph. L., p.* 1228) which provides that "all lands in the State of New Jersey, used or to be used solely for park purposes, whether the same be owned by the State, held in trust or for the use of the State, and whether the title thereto be in the name of the State, any commission, board or corporation, shall be assessed and taxed in the municipalities wherein such lands are situate, for State, school, county, municipal and improvement purposes, in the same manner as other real property owned by individuals; * * *."

The proceedings were instituted on August 14th, 1936, by complaint of the collector of taxes of the city of Trenton that said property was omitted from the tax assessment list, filed with the Mercer county board of taxation, which board gave notice to the state comptroller and proceeded to hearing under section 28 of the General Tax act of 1903. 4 *Comp. Stat.,* *p.* 5107. It gave judgment that the property was subject to the payment of taxes; that its value for the taxing year 1935 was the sum of $234,450; and that it should be taxed at that sum. This writ of *certiorari* was allowed to review that determination and judgment.

Certain procedural questions are raised by both parties, but we deem there is no merit in them and pass to a consideration of the validity of the statute in question.

There can be no doubt that the legislation deals with taxation and must be so considered. By section 203 (2) of the act of 1918 (*Pamph. L., p.* 849), the property of the State of New Jersey and property of the respective counties, school districts and taxing districts, when used for public purposes, are exempted from taxation. By the terms of the act under consideration, the lands of one of the exempted class—the State of New Jersey—shall be subject to taxation, if it be lands used for park purposes or intended to be used for park purposes. The constitution requires (article 4, section 7, paragraph 12) that "property shall be assessed under general laws by uniform rules."

In *Tippett* v. *McGrath, Collector,* 70 *N. J. L.* 110; *affirmed,* 71 *Id.* 338, Mr. Justice Garrison stated:

"By a number of decisions it has been held not only that this constitutional provision does not require that all property shall be taxed, but also that the legislature may select certain classes of property for taxation, or may exempt certain classes of property from taxation, provided, in each case, the legislative object be accomplished by general laws and that the property so selected be dealt with under rules that are uniform as to all of the class." Citing cases.

It was further said: "The uniform purport of these decisions is that the legislature may, for the purpose of exemption

from taxation, classify property either by some common feature possessed by it, or by the uses to which it is put by its owners. Taking this much as established, the question, now for the first time presented for judicial decision, is whether the legislature, instead of classifying property for the purpose of exemption either by its characteristics or by its uses, may classify the owners of property according to some characteristic possessed by them, or arising from some status acquired by them, or connected with their conduct, past, present or future, and thereupon base an exemption of the property of such persons, regardless of the characteristics possessed by it and of the uses to which it is put. The mere statement of the proposition leaves such classifications without ·constitutional support, for by the terms of that instrument it is *property* that is to be assessed—it is *property* with respect to which taxing laws must be general and rules uniform. The decisions construing this constitutional provision, in so far as they have sanctioned classifications as the basis of legislation, either for taxation or for exemption, have done so upon the express ground that such classifications were based upon features that inhered in the property itself or in the purposes to which it or its usufruct was devoted. To substitute for property in such classifications the persons who own property and then to base the proposed exemption upon the status or vocation or avocation of such persons is without any constitutional warrant. * * *"

It is clear that property may be classified in respect to its use, and if a law embraces all such property it will not be invalid. But if it does not include in the class thereby created all the members of such class it is not a general law and is invalid. *Essex County Park Commission* v. *West Orange,* 77 *N. J. L.* 575. In that case, Mr. Justice Voorhees, speaking for the court of last resort, said:

"That the legislature should select the property of counties for taxation and exempt a part of the property of other municipal corporations identical in its uses with that of counties, is arbitrary classification. That property of a class may be exempted from taxation is not to be denied, provided

always that the classification is a proper one, but it is well settled that all members of a class shall be included in the Taxing act whether for the purpose of imposition of or exemption from taxation."

The clear import of judicial utterance upon this question is that to render a law imposing a tax upon a certain class of property free from the constitutional inhibition it must include all members of the class, otherwise it lacks generality.

In the situation presently pending we find that all of the property of the state and other political subdivisions is exempted from taxation, except state property used or to be used for park purposes. It thus appears that property of a class—park—property—is not subject to taxation unless it be owned by the state. To select the property of the state for taxation and exempt property of municipal corporations identical in its use with that of the state is to set up an arbitrary classification, and renders such enactment invalid.

The proceedings and assessment under review are set aside, with costs.