STATE BOARD OF TAX APPEALS.

CAMP NO. 62, PATRIOTIC ORDER OF AMERICANS, PETI-
TIONER, v. CITY OF CAMDEN, RESPONDENT.

Decided January 21, 1941.

For the petitioner, *Henry Miller*.

For the respondent, *John J. Crean* and *William J. Shepp*.

QUINN, President. A two-story dwelling, owned by the petitioner and situated in the city of Camden, was duly assessed for taxation by the local assessors for the year 1939. Petitioner claims right to exemption from taxation for this property as used in the work and for the purposes of a fraternal organization or lodge, within the contemplation of *R. S.* 54:4-3.26. An appeal for exemption to the Camden County Board of Taxation was dismissed.

Petitioner was incorporated in 1937 as an association not for pecuniary profit, and its purposes, as recited in its certificate of incorporation are:

"2. The purpose for which it is formed is to provide a funeral benefit fund for the members and such social privileges as may be had by associating with the members."

The building in question contains three rooms on the first floor, exclusively used for petitioner's purposes, and a living apartment on the second floor, used as the residence of the caretaker of the building and his family.

Within the proofs presented, petitioner is purely and simply a women's social club, with the added inducement of funeral benefits provided out of dues paid in. There is no evidence whatsoever of any charitable, communal, or civic activities such as could have the effect of earning for petitioner's property the characterization, "beneficial to the public generally." For reasons presently to be adduced, therefore, the uses of the building are not fraternal in the sense intended by the statute.

In *City of Camden* v. *Camden County Board of Taxation* (*Supreme Court,* 1938), 121 *N. J. L.* 262; 2 *Atl. Rep.* (*2d*) 40, the exempting statute, which was originally enacted as *Pamph. L.* 1936, *ch.* 46, was attacked by the city of Camden as unconstitutionally offensive, *inter alia,* to the provisions of article 4, section 7, paragraph 12, of the New Jersey Constitution, providing for the taxation of property under general laws and by uniform rules. It was contended that the exemption accorded by the act was substantially based upon the criterion of the status of the owner of the property, rather than upon the uses to which it was put, constituting a constitutionally defective classification for exemption, under *Tippett* v. *McGrath* (*Supreme Court,* 1903), 70 *N. J. L.* 110; 56 *Atl. Rep.* 134; *affirmed,* 71 *N. J. L.* 338; 59 *Atl. Rep.* 1118. In accord: *State* v. *Mercer County Board of Taxation* (*Supreme Court,* 1937), 118 *N. J. L.* 408; 193 *Atl. Rep.* 555. The court found, however, that the property of the fraternal organization involved in the *Camden* case (Junior Order of United American Mechanics) was "used for purposes that are fraternal in character and substance, *beneficial to the public generally,*" (italics supplied), and that the act was constitutional as applied to the property before it. Affirmed, *City of Camden* v. *Camden County Board of Tax Appeals* (*Court of Errors and Appeals,* 1939), 122 *N. J. L.* 381; 5 *Atl. Rep.* (*2d*) 688. We consider that the courts which decided the *Camden* case found a constitutional con-

struction of the statute, in obedience to the rule of statutory construction requiring that of two constructions to which an act is susceptible—one making it constitutional and the other rendering it void—the first should be accepted, for the reason that it must be inferred that the legislature intended to pass a constitutional act. *State, ex rel. Fidelity Trust Co.* v. *Vogt* (*Supreme Court*, 1901), 66 *N. J. L.* 86; 48 *Atl. Rep.* 580; *Commercial Trust Company of New Jersey* v. *Hudson County Board of Taxation* (*Supreme Court*, 1914), 86 *N. J. L.* 424; 92 *Atl. Rep.* 263. In the present case the unconstitutional construction would result in an exemption of all property employed in the uses of social clubs, or of beneficiary societies paying sick and death benefits in the manner of mutual insurance companies, for dues paid in, merely upon the adoption of a form of fraternal or lodge organization. The constitutional construction, adopted in the *Camden* case, requires a finding that the exemption claimant uses its property for purposes truly fraternal in the broad sense, *i. e.*, "beneficial to the public generally."

Applying the principles referred to, we have found that a "beneficiary association" or society, governed by *R. S.* 17:39-1 *et seq.*, carried on exclusively for the mutual benefit of its members, who pay dues and assessments into a common fund, and in return receive sick, disability and death benefits at fixed rates, is not a fraternal organization or lodge intended for exemption from taxation under *R. S.* 54:4-3.26. *Township of Lyndhurst* v. *Italian Benefit Society, Civility and Work, New Jersey Tax Reports*, 1934-1939, *p.* 606. We distinguished such organizations from fraternal orders intended for exemption from taxation under under the statute, in this wise (at *p.* 609):

"Fraternal orders, although occasionally providing plans for sick or death benefits, are typically *quasi*-public, civic, and frequently charitable. Only in this light could the legislative exemption in favor of property used for their purposes be justified, within fixed rules of classification of property for exemption, and in consonance with the fundamental understanding that exemptions from taxation are extended as a *quid pro quo* for the performance of services essentially pub-

lic and which the state is thereby relieved *pro tanto* from performing. *Dwight School of Englewood* v. *State Board of Tax Appeals,* 114 *N. J. L.* 594. Beneficiary societies are not essentially of the character indicated, and from this standpoint as well as those detailed above, cannot be understood as within the intended grant of exemption by the legislature."

We have heretofore carefully examined the substance, rather than the form, of the plan of operation of fraternal orders seeking tax exemptions, for evidences of such underlying character as would justify for the property the description, "beneficial to the public generally." See *Acquackanonck Grange No.* 183 v. *City of Clifton, New Jersey Tax Reports,* 1934-1939, *pp.* 659, 661; *Newark Aerie 44, Fraternal Order of Eagles* v. *City of Newark, Id.* 658, 659; *Elk Realty Company of Nutley, New Jersey,* v. *Town of Nutley (State Board,* 1940), 18 *N. J. Mis. R.* 691; 16 *Atl. Rep.* (*2d*) 202. Each case must be adjudged upon the peculiar facts presented therein.

The property here involved does not meet the test, "beneficial to the public generally," and the exemption sought must be denied, for the reasons stated. The action of the Camden County Board of Taxation in dismissing the appeal will be affirmed.